IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN E. SCOTT (Previous TDCJ No. 1916032), § § § | | |
| Petitioner, § § | | |
| V. § | No. 3:17-cv-2814-L-BN | |
| § | | |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, § § § § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner John E. Scott, a former Texas inmate, has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Scott challenges his March 6, 2014 Rockwall County conviction, which resulted in a sentence of 25 years of imprisonment. *See State v. Scott*, No. 2-13-535 (439th Dist. Ct., Rockwall Cty., Tex.). His federal habeas petition and records available online from

Rockwall County and the Texas Court of Criminal Appeals (the "CCA") reflect that Scott did not file a direct appeal. It appears, however, that he did file a state habeas application concerning this conviction and sentence no sooner than July 22, 2016 and that the CCA denied that petition without written order on October 5, 2016. *See Ex parte Scott*, WR-49,085-03 (Tex. Crim. App.).

Although Scott has been released from the Texas Department of Criminal Justice, in a verified questionnaire response he indicates that his sentence will be fully served by September 2038. *See* Dkt. No. 5. So, assuming his release on parole or its equivalent qualifies him as "in custody" for purposes of 28 U.S.C. §§ 2241(c)(3) and 2254(a), *see Jones v. Cunningham*, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in [ ] 'custody' ... within the meaning of the habeas corpus statute."), the undersigned, recognizing that if Scott's claims are not moot, they are likely time-barred, issued a second questionnaire [Dkt. No. 6] to provide Scott fair notice of the limitations issues and to allow him to present his position as to those issues through a verified response to the questionnaire. The Court docketed that verified questionnaire response on January 2, 2018. *See* Dkt. No. 7.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF

1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey*

*[v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Because Scott did not file a direct appeal, the applicable state criminal judgment became final for federal-limitations purposes on the thirtieth day after the state judgment was imposed that was not a Saturday, Sunday, or legal holiday – or, here, on April 7, 2014. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a). And, "[b]ecause [Scott's] state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))). Accordingly, the Section 2254 habeas application, filed no sooner than the date on which Scott signed it (October 13, 2017), was filed more than 2 years and 6 months too late. That application is therefore due to be denied as untimely under Section 2244(d)(1)(D) absent statutory or equitable tolling of the limitations period.

In this regard, through his verified response to the Court's second questionnaire, Scott claims, without supporting details, that he "was threatened not to ever say anything about this" and "was told that it would be hard for [him] to get out of prison" and that he was "afraid that people would protest [his] parole." Dkt. No. 7 at 2; *see id.* at 3 (further alleging that "once [he] talked to U.S. Attorney Office and the DEA and the FBI, [he] was not afraid any more").

To the extent that these claims support a statutory tolling claim under Section

2244(d)(1)(B), the United States Court of Appeals for the Fifth Circuit has held that, in order to invoke statutory tolling based on an alleged government impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his ... federal petition. Thus, [a petitioner] 'must also show that ... [the impediment] actually *prevented* him from timely filing his habeas petition.'" *Clark v. United States*, Nos. 3:13-cv-1851-N-BK & 3:92-cr-382-N-1, 2013 WL 5873294, at *2 (N.D. Tex. Nov. 1, 2013) (quoting *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); citations omitted; emphasis in *Krause*); *see also Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) ("'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001))).

But "allegations of intimidation [that] are conclusory," like Scott's, fail "to establish a governmental impediment." *Szczygiel v. Nelson*, No. 99-3010-DES, 2001 WL 844485, at *2 (D. Kan. July 17, 2001), *aff'd*, 43 F. App'x 179 (10th Cir. 2002). Similarly, Scott's conclusory allegations fail to support a claim of equitable tolling. *See, e.g., Williams v. Sachse*, No. 4:12CV1914HEA, 2016 WL 8674162, at *2 (E.D. Mo. Feb. 19, 2016) (recognizing that "claims of being intimidated by the prosecutor [that] are entirely unsupported and controverted by the fact that Petitioner filed his state post-conviction motion and appeal thereof" do not entitle him "to equitable tolling

because he has not made a sufficient showing of diligence or that some extraordinary circumstance stood in his way to prevent a timely filing"); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649.

Scott's Section 2254 application is therefore time-barred.

**Recommendation and Direction to the Clerk of Court**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* Rule 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

-7-

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 3, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE